POLE STOCK LUMBER CO. *v.* OAKDALE LUMBER CO.

[54 South. 596.]

DEED.  *Parol evidence.  Parol warranty.*

Where a grantor on delivering to the grantee a quitclaim deed to land, said "that the deed was good and he would stand behind it." This only tended to prove a warranty by parol, as to which the deed controls.

APPEAL from the circuit court of Lawrence county.
HON. A. E. WEATHERSBY, Judge.

Suit by the Pole Stock Lumber Company against the Oakdale Lumber Company on notes for the purchase money of land. From a judgment for defendant, plaintiff appeals. The facts are fully stated in the opinion of the court.

*Hathorn & Hearst,* for appellant.

We come now to consider the real defense offered by the defendant to the payment of the notes sued on, under its plea of fraud, and what we conceive to be palpable error on the part of the trial court. The court will bear in mind that the defense offered under this plea was a rescission of the contract on account of the fraud complained of.

In response to this defense we say that, if the defendant ever did have the right to disaffirm this contract and to rescind it and thereby avoid the payment of the notes sued on, it lost and waived that right and cannot now complain of the fraud for several reasons:

First. Defendant waited an unreasonable time after full knowledge of the fraud in offering to rescind.

Second. Defendant condoned the fraud and affirmed the contract after full knowledge of the fraud.

Third. Defendant voluntarily placed itself in a position where restoration of the property and rescission of the contract was absolutely impossible, and this after full knowledge of the fraud.

*T. P. Bonner* v. *John H. Bynum,* 72 Miss., page 442; *McCulloch* v. *Scott,* 56 Am. Dec., page 561, and authorities cited thereunder in footnotes; *Masson* v. *Bovet,* 43 Am. Dec., page 651 and footnotes; *Davis* v. *Heard,* 44 Miss., page 50; *Railroad Company* v. *Neighbors,* 51 Miss. page 412.

*G. Wood Magee,* for appellee.

Counsel for appellant in their brief say:

"On the trial of this cause on its merits, the defendant offered evidence, under its plea of *non est factum,* to the effect that the notes sued on had been altered in a material respect since they were delivered to the plaintiff. Plaintiff offered evidence to contradict this, which raised a question of fact for the jury, and we concede that this

question was properly referred to the jury; that question raised, therefore, under the plea of *non est factum* is not presented to this court for review."

And if the question raised by the plea of *non est factum* was properly referred to the jury upon a question of fact presented by the evidence, and that question of fact was decided in favor of appellee, then it does seem to me, that no reversal of this case could under any circumstances be had, and therefore it is useless to enter into a discussion of the other features of the case. However, I desire to say that on the question of fraud as raised by the pleadings and by the evidence in the case, I desire to call the court's attention especially to the case of *Myers* v. *Estell,* 47 Miss., page 4.

In this case will be found a very thorough discussion of the principles involved in the case at bar, and I respectfully submit that the judgment of the circuit court should be affirmed.

SMITH, J., delivered the opinion of the court.

Appellant, plaintiff in the court below, executed and delivered to appellee, the defendant in the court below, a quitclaim deed to timber on certain land; a part of the consideration therefor being two promissory notes. There remaining a balance due on these notes after certain payments had been made thereon, this suit was instituted to collect same. From a judgment in favor of appellee, this appeal is taken.

One of the defenses relied upon by appellee is that it got nothing by its purchase, for the reason that the appellant had no title to the timber, and that it (appellee) was induced to make the purchase by reason of appellant having falsely and fraudulently, with the design to cheat and defraud appellee, represented to it that it had a good and valid title to the timber. The testimony of the secretary of appellee, who acted for it in making this purchase, on this point is as follows: "He (referr-

ing to the agent of appellant, who represented it in making the sale) tendered us a quitclaim deed, and I refused to accept it, and told him that the deed was not good; and he stated that it was the only kind of a deed he would give, and that the deed was good, and says: 'Here are all the old deeds that the company has.' He then turned the deed over to me for the twenty acres, which I didn't get, and then he says: 'These deeds are good, and we will stand behind them.' It was on that representation that we paid him the money. . . . That is about all he said about it. He said: 'These are the deeds the Pole Stock Lumber Company got, and we stand behind them.' And then he said, 'You know the Pole Stock Lumber Company,' and I did know them to be a good firm. I knew one of the parties interested personally at that time.''

This evidence is wholly insufficient to support the plea, and at most tends only to prove, by parol, a warranty of title, as to which the written instrument must, of course, control. The court, therefore, erred in submitting this issue to the jury.      *Reversed and remanded.*